Filed Oct. 13, 1891.

---

No. 14,787.

### ESCHENBURG v. THE BOARD OF COMMISSIONERS OF LAKE COUNTY.

TAXES.—*Platted Land.*—*Taxation of.*—*Authority of County Auditor Concerning.*—Where land is platted, and the plat submitted to the county auditor, as required by law, to assess and apportion the true valuation of each lot or parcel of land described in such plat, the auditor has the right, upon the presentation of the plat to him, to make an original assessment upon the lots as platted, and apportion it on the lots. His authority is not confined simply to apportioning the amount at which the land had been previously assessed as unimproved land, upon the lots as platted. See section 6392, R. S. 1881.

From the Lake Circuit Court.

*J. Kopelke*, for appellant.

*J. W. Youche*, for appellee.

OLDS, J.—The appellant was the owner of $103\frac{54}{100}$ acres of unimproved land situate within the incorporate limits of the city of Hammond, in the township of North, in Lake county, which had been at the preceding valuation in the spring of 1886 assessed at $7,000. On August 27th, 1886, appellant platted the same as an addition to the city of Hammond, and on September 14th, 1886, he submitted the plat to the county auditor, as required by law, to assess and apportion the true valuation of each lot or parcel of land described in such plat. The county auditor increased the valuation of the platted lots to the total amount of $15,630,

and apportioned it upon the lots as platted, and placed the said assessment as made by him upon the tax duplicate for the year 1887, and appellant was obliged to and did pay the taxes according to said assessment for the year 1887, amounting to the sum of $287.59; that upon the valuation of $7,-000 placed upon the same as unimproved land the tax would only amount to $127.47.

This action is brought to recover back the amount paid. It is admitted that the auditor's valuation did not exceed the full fair cash value of the lots, and that it was in accordance with the assessed value of adjacent lots and lands as fixed by the real estate assessment of 1886.

The question presented by this appeal, arising upon the overruling of the appellant's motion for a new trial, is whether or not the county auditor had the right upon the presentation of the plat to him to make an original assessment upon the lots as platted, and apportion it on the lots, or whether his authority consisted in simply apportioning the amount at which the land had been previously assessed as unimproved land, upon the lots as platted.

Section 6392, R. S. 1881, reads as follows: " Before any addition is made to any city or town, the person making the same, before such plat is recorded, shall present the same to the county auditor, who shall assess and apportion the true valuation of each lot or parcel of land described in such plat, in the same manner as other lots are valued, and thereupon such lots or parcels shall be entered on the tax list in lieu of the land included therein ; but in making such valuation, regard shall be had to the next preceding sexennial valuation of real estate, so that the said lots shall, as near as practicable, be equalized with adjacent lands and lots according to such sexennial valuation."

It would seem, if this section of the statute is valid, that there can be but little doubt as to the authority of the auditor to make an original assessment of the platted property, or of the legislative intent for him to do so, for it provides

that the county auditor " shall assess and apportion the true valuation of each lot or parcel of land described in such plat, in the same manner that other lots are valued." Other lots are assessed individually, and not by apportioning some former appraised value of the unplatted land of which they constituted a part. To say that the legislative intent was to apportion the original assessment of the unplatted ground would be to render nugatory or to strike from the statute the word " assess," and leave the statute to read, " shall apportion," etc., as fixed by the assessor upon the unplatted land at the preceding assessment. This would be a material and unwarranted change in the statute. The section expressly and clearly authorizes the county auditor to make an assessment of the lots described in the plat.

The section provides that in making such assessment the auditor shall have regard to the next preceding sexennial valuation, so that the lots shall, as near as practicable, be equalized with adjacent lands according to such preceding valuation. This is a very wise provision. The plat may not be presented until two, three or four years after the appraisement. Lands and lots may have increased in value very materially, and in making the appraisement the auditor shall have regard to the preceding appraisement, so as to equalize the value of the lots with the adjacent lots and lands. Although their cash value at the time may be far in excess of such value and the value of adjacent property at the time of the preceding appraisement, the auditor shall only assess it at a value that will correspond to the value placed upon adjacent lots. The auditor shall assess and apportion such lots at their true value as compared with the value placed upon adjacent lots. Such an assessment works no injustice to the owner.

It is suggested by counsel that, under our Constitution and laws, real estate must be appraised every six years, and that the appraisements are then equalized by the boards of equalization, and if an appraisement of platted lots is permitted

to be made by the county auditor, the owner is deprived of any right to be heard or his lands appraised as the lands of others are.

The owner of land at the time the sexennial appraisement is made has his land assessed as the lands of others are assessed, and has the same board of equalization to change and reduce his assessment if too high. He is not compelled to plat his land. If he does so, it is voluntary, and he must comply with the provisions of the statute. In platting his land, he is required by section 6392 to present his plat to the county auditor, and submit to an assessment and apportionment to be made by the auditor, as required by said section. No notice is required, for the statute requires that the person platting the lands shall present the plat to the auditor for the purpose of an assessment and apportionment. The person has notice when he presents his plat to the auditor that the assessment will be made. It is a voluntary act on the part of the owner of the lands. He can leave his lands in a body, unplatted, and have the benefit of the assessment made by the assessor, as approved and confirmed by the board of equalization, or he can plat his lands, and present the plat to the county auditor, and submit to an assessment by him.

There is no error in the record.

Judgment affirmed, with costs.

Filed Oct. 30, 1891.